### GREEN et v CLEVELAND (city) et

Common Pleas Court, Cuyahoga Co

Decided August 24, 1939

Phillips & Falsgraf, Cleveland, for the relator.

Henry S. Brainerd, director of law, Cleveland, and Charles W. White, Cleveland, for the respondent.

## OPINION

By SKEEL, J.

This case comes on to be heard upon the petition of the relator, the answer of the respondents, and the evidence, wherein the relator seeks a declaratory judgment as to the meaning of a portion of Section 140 of the city charter of the city of Cleveland.

There are two issues presented:

1. As to whether or not one of the designated plaintiffs, to-wit, George Green, who came into the case as a taxpayer is in fact a proper party; and,

2. The interpretation of the particular part of the section hereinafter referred to.

As to the first of these two issues the court finds that George Green as a taxpayer who joins as a relator with one William J. Maloney, who is in fact an employee of the city of Cleveland in the classified service, is not a proper plaintiff and has no right to join in this action. Therefore, as to the said George Green the petition is dismissed at his costs.

The second and remaining question has to do with the extent of the limitation imposed upon persons in the classified service of the city of Cleveland by Section 140 of the charter of the city of Cleveland with respect to political activities.

The part of the section under consideration reads as follows:

"No person in the classified service of the city shall act as an officer of a political organization or take part in a political campaign; * * *."

The dispute concerns the last phrase of this sentence, "or take part in a political campaign." It is the claim of the relator that the interpretation given to these words by the law department of the city of Cleveland permits, and in the past on occasions has required, employees of the city of Cleveland, working in the classified service, to take part in activities which are in truth and in fact a part of a political campaign.

The interpretation given by the respondents to these words is that unless the object of the campaign is such as to involve a fundamental principle of government, such campaign is not political.

Under this interpretation civil service employees have been permitted to take part in a campaign involving the passage of a bond issue or an issue presented to the voters for a special tax levy or amendments to the charter authorizing the city council to vote tax assessments in excess of the ten mill rule, and so forth, while, on the other hand, it has been held by the respondents to prohibit civil service employees from engaging in a campaign seeking the amendment of the city charter in part relating to the compensation to be paid to classified civil service employees.

There is little to be said for the argument that because the words under consideration are in a sentence, or, are a part of a sentence which refers to a political organization, that, therefore, the words "political campaign" must refer to a campaign involving a candidate for public office. Political campaigns may involve issues that are not concerned with the election of public officials. Political organizations are frequently formed in the interest of issues and not office seekers. The words therefore, are not used in any unusual sense but must have ascribed to them their ordinary meaning. Webster's Dictionary defines "political" as:

"1. Of or pertaining to polity, of politics, or the conduct of government, referring in the widest application to the judicial, executive, and legislative branches; of or pertaining to or incidental to, the exercise of the functions vested in those charged with the conduct of government; relating to the management of the affairs of state; as, political theories.

"3. Of or pertaining to the exercise of the rights and privileges or the in-

fluence by which the **individuals of a state seek to determine or control its public policy;** having to do with the organization or acts of individuals, parties, or interests that seek to control the **appointment or action** of those who manage the affairs of a state; * * *."

The definition thus quoted conforms literally with the definition to be found in Bouvier's Law Dictionary, where the word "politics" is defined as "everything that concerns the government of the country," or "pertaining to policy or the administration of government. Political rights are those which may be exercised in the formation and administration of the government."

Turning to Webster's Dictionary for the meaning of the word "campaign" we find this definition:

"A connected series of operations to bring to some desired result as is done in a military campaign; as, an advertising or a sales campaign; a campaign against vice; a campaign for funds; esp., Politics, an organized series of operations **or a systematic effort to influence voters,** etc., carried on before an election or the like; a canvass."

From these definitions there can be but one result in giving the correct interpretation to the words "political campaign." A political campaign is any concerted effort to influence citizens to act in the exercise of their right of franchise in favor or against a candidate for public office or a person seeking public office, or for or against any public question which by law is to be determined by a vote of the people.

Whether or not one in the classified service is engaged in a political campaign is to be determined with respect to what he does in supporting or attempting to defeat any candidate for public office or a political issue as herein defined. A classified service employee does not by accepting such employment waive his right of franchise or the right in a proper manner to express his views upon candidates or issues, but he does among other things waive the right to take part in, or conduct a political campaign. It would be impossible to set forth every set of facts that would constitute the conduct thus prohibited. All that can be done is to set forth the rule by which his conduct will be determined, as follows:

One is engaged in a political campaign when he either by himself or by joining with others makes a concerted or systematic effort to influence others in their exercise of the right of franchise in favor of or against either a candidate for public office or any issue to be determined by a vote of the people.